980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martin E. RIVERS, Petitioner-Appellant,
v.
Robert G. BORG, Warden, Defendant-Appellee.
 No. 92-15360.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 25, 1992.
 
 Before CHOY, NOONAN and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin E. Rivers ("Rivers") appeals pro se the district court's denial of his petition for habeas corpus challenging his first degree murder conviction. Rivers contends that his petition for habeas corpus should have been granted because (1) the state trial court erroneously denied his discovery request for police investigative logs in other homicide cases; (2) his cross-examination of the police officer who took his confession was unconstitutionally restricted; and (3) the prosecutor improperly used a peremptory challenge to excuse a prospective juror because of her race. We find Rivers' arguments without merit and we affirm.
 
 A. Discovery Request for Police Logs
 
 3
 Prior to his trial, Rivers made a discovery request for all the police investigative logs from July 1985 to June 1986 for other homicide cases handled by the two officers who interrogated him. The state trial court denied the request, finding that insufficient information had been presented to support the request. Rivers alleges that this denial was error. He argues that the logs might have revealed the officers had a habit of coercing confessions, thus creating a question as to the voluntariness of his own confession.
 
 
 4
 We hold that the requested logs would not have altered the state trial court's finding that Rivers' confession was voluntary beyond a reasonable doubt. Even if the logs did demonstrate that the officers had a habit of interrogating individuals over long periods of time and of not informing these individuals that they could make a phone call, the logs would have been duplicative of evidence presented through witness examination at the hearing concerning Rivers' confession.
 
 
 5
 Rivers claims that the information in the logs would have supplemented the evidence presented at the hearing regarding the officers' behavior during interrogations. However, cumulative information is not material evidence under Brady v. Maryland, 373 U.S. 83 (1963). See United States v. Marashi, 913 F.2d 724, 732 (9th Cir.1990) ("merely cumulative impeachment evidence ... [is] not Brady material"); United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir.1988), cert. denied, 489 U.S. 1032 (1989).
 
 
 6
 Rivers' discovery request for a year's worth of logs on the general theory that the logs might have demonstrated a pattern of police behavior helpful to the defense did not provide a sufficient basis to require the trial court to conduct an in camera review of the logs. See United States v. Agurs, 427 U.S. 97, 109-10 (1976) ("The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense."); see also United States v. Michaels, 796 F.2d 1112, 1116 (9th Cir.1986), cert. denied, 479 U.S. 1038 (1987).
 
 B. Restriction of Cross-Examination
 
 7
 At trial, the judge limited the scope of Rivers' cross-examination of Sergeant McKenna, one of the police officers who obtained Rivers' confession. Rivers argues that the trial judge's cross-examination limitations violated his right to confrontation under the Sixth Amendment.
 
 
 8
 The restricted cross-examination concerned Sergeant McKenna's interrogations of two other individuals, Daniel Jeffrey and Poppy Johnson. Defense counsel explained that he wanted to question Sergeant McKenna about those interrogations to illustrate Sergeant McKenna's coercive interrogation technique. The trial court's rulings limiting the cross-examination of Sergeant McKenna were based on California Evidence Code § 352.[1] Both Jeffrey and Jackson were allowed to testify themselves about their interrogation sessions with Sergeant McKenna.
 
 
 9
 The Sixth Amendment Confrontation Clause "guarantees [defendants] an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986) (quoting Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (per curiam)) (emphasis in the original). Trial judges have " 'wide latitude' to exclude evidence that is 'repetitive ..., only marginally relevant' or poses an undue risk of 'harassment, prejudice [or] confusion of the issues.' " Crane v. Kentucky, 476 U.S. 683, 689-90 (1986) (quoting Delaware v. Van Arsdall, 475 U.S. at 679).
 
 
 10
 On appeal we must consider "whether the jury, without the cross-examination [Rivers] desired, '[was] otherwise in possession of sufficient information upon which to make a discriminating appraisal of the subject matter at issue.' " Bright v. Shimoda, 819 F.2d 227, 228 (9th Cir.1987), cert. denied, 485 U.S. 970 (1988) (quoting Skinner v. Cardwell, 564 F.2d 1381, 1389 (9th Cir.1977), cert. denied, 435 U.S. 1009 (1978)). In this case, Rivers wanted to elicit the restricted testimony from Sergeant McKenna to establish that the sergeant had a pattern of coercing confessions, thereby casting doubt on the veracity of his own confession. Therefore, the subject matter at issue for the jury to appraise was the veracity of Rivers' confession. The court placed no restrictions on Rivers' ability to cross-examine Sergeant McKenna on the circumstances of Rivers' own confession. We conclude that Rivers' cross-examination of Sergeant McKenna about his own confession, coupled with the testimony of Jeffrey and Jackson regarding their interrogations, provided the jury with sufficient information to make a determination regarding the veracity of Rivers' confession.
 
 C. Peremptory Challenge
 
 11
 Prosecutors are prohibited under the Equal Protection Clause from using their peremptory challenges to remove jurors based on their race. Batson v. Kentucky, 476 U.S. 79, 89 (1986). The prosecutor in this case employed two of his first three peremptory challenges to remove two black jurors, Ms. Wood and Ms. Brown. Rivers, who is black, objected that the prosecutor was using his peremptory challenges to remove blacks from the jury. On appeal, Rivers challenges only the removal of Ms. Brown.
 
 
 12
 The prosecutor explained that he removed Ms. Brown because he felt that she did not understand her duties as a juror and she did not understand the difference between direct and circumstantial evidence, both of which would be offered at trial.
 
 
 13
 In considering the prosecutor's explanation, the trial court stated:
 
 
 14
 As to Ms. Brown, well I certainly will disagree with the prosecutor[ ] ... whether or not she understood direct or circumstantial evidence.
 
 
 15
 Because I can frankly say, from some of the examples given so far in this courtroom, that the examples are extremely argumentative when the final question was asked whether or not they understood it.
 
 
 16
 I recall Ms. Brown, also, is a person who had a blood pressure problem, I believe, when we voir dired her in chambers as to her hardship.
 
 
 17
 Additionally, she is the spouse of a former bail bondsman....
 
 
 18
 In any event, it does not appear at this point that the prosecutor's excusing Ms. Brown was necessarily related to her race, and there are other factors that the court takes into consideration in the prosecutor excusing her.
 
 
 19
 So the motion is denied.
 
 
 20
 Rivers argues that the trial court rejected the prosecutor's explanation for the removal of Ms. Brown and then erroneously relied on its own reasons for finding her removal permissible. The contention that a trial court should not substitute its own reasons for removing a juror for those offered by the prosecutor is correct. The burden is placed on the prosecution to articulate a racially neutral explanation for the removal. See Batson, 476 U.S. at 97. The trial court's role is to evaluate the race-neutrality of the prosecutor's explanation to determine if the prosecutor intended to discriminate. Hernandez, 111 S.Ct. 1859, 1866, 1868 (1991) (plurality opinion).
 
 
 21
 However, the fact that the trial court gave additional reasons for excusing Ms. Brown does not mean that the court found that the prosecutor's explanation was not bona fide. Although the trial court disagreed with the prosecutor's assessment of Ms. Brown's ability to understand the difference between circumstantial and direct evidence, the trial court did not find that the prosecutor was lying when he cited this as his reason for removing Ms. Brown.
 
 
 22
 The trial court did not have to agree with the prosecutor's evaluation of Ms. Brown so long as it did not find that the prosecutor's actions were motivated by an invidious intent. Cf. United States v. Swinney, 970 F.2d 494, 496 (8th Cir.1992) (district court expressed skepticism with the government's logic in striking one of the jurors but still found that the government's peremptory challenges were properly based on race-neutral reasons); see also Hernandez, 111 S.Ct. at 1866 ("Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral."). It is evident from the court's statements that the trial court did not find the prosecutor to be motivated by a discriminatory intent when he used a peremptory challenge to excuse Ms. Brown. Therefore, there was no equal protection violation.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Evidence may be excluded under California Evidence Code § 352 "if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."